1889-92

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD R. WILLIAMS and | ) | |
| DEQUITA C. BROWN-WILLIAMS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:19-cv-05342 |
| | ) | |
| SERVIS ONE, INC. d.b.a. BSI FINANCIAL | ) | Honorable Virginia M. Kendall |
| SERVICES, | ) | Magistrate Judge Sheila M. Finnegan |
| Defendant. | ) | |

## ANSWER TO COMPLAINT FOR DAMAGES

Defendant, SERVIS ONE INC. d.b.a. BSI FINANCIAL SERVICES, by and through its attorneys, Mitchell A. Lieberman and Noonan & Lieberman, Ltd., hereby answers Plaintiffs, Leonard R. Williams and Dequita C. Brown-Williams', Complaint. In support hereof, Defendant states as follows:

## THE BASIS FOR THIS COMPLAINT

1.      Plaintiffs are suing their prior mortgage servicer BSI because of BSI's inability to properly implement a settlement agreement. Plaintiffs notified BSI twice of its errors and demanded BSI correct the situation, but all efforts were unsuccessful, despite BSI admitting to making the errors and falsely claiming that it actually corrected the same. Because of BSI's breach of the settlement agreement and inability to correct errors, Plaintiffs have no choice but to bring this lawsuit to address these violations of law.

**ANSWER:**      **This paragraph is Plaintiffs' summary and a characterization of Plaintiffs' alleged reason for filing this action to which no answer is required. To the extent an answer is required, the allegations of this paragraph are denied.**

1

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiffs are the owners of residential real property, located at and commonly known as 15526 Drexel Avenue, Dolton, IL 60419 (the "Home") which they have occupied as their primary principal residence at all this relevant to the Complaint.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.**

3.      Defendant Service One, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business located in Titusville, PA. Defendant Service One, Inc. does business in Illinois, and across the United States, as BSI Financial Services ("BSI").

**ANSWER:**      **Defendant admits the allegations of this paragraph.**

4.      BSI is the prior servicer of a note executed by Plaintiffs (the "Note") and of a mortgage on the Home that secures said note (the "Mortgage") (collectively, the "Loan").

**ANSWER:**      **Defendant admits the allegations of this paragraph.**

5.      Servicing rights to the Loan were transferred to non-party Fay Servicing, Inc. effective June 3, 2019. A copy of the Notice of Servicing Transfer is attached as ***Exhibit 1***.

**ANSWER:**      **Defendant admits the allegations of this paragraph.**

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA") and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA").

**ANSWER:**      **Plaintiffs' jurisdiction allegation is a legal conclusion which is not subject to denial or admission; to the extent an answer is required Defendant denies the allegation.**

7.      This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

**ANSWER:**  **Plaintiffs' allegation regarding supplemental jurisdiction is a legal conclusion which is not subject to denial or admission; to the extent an answer is required Defendant denies the allegation.**

8.    Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

**ANSWER:**  **Defendant states that Plaintiffs' venue allegation is a legal conclusion which is not subject to denial or admission; to the extent an answer is required Defendant denies the allegation.**

## SUMMARY OF CLAIMS

9.    This action is filed to enforce regulations promulgated by the Consumer Finance Protection Bureau ("CFPB") and implemented pursuant to 12 U.S.C. § 2605(f) that became effective on January 10, 2014, specifically, 12 C.F.R. § 1024.1, *et seq*. ("Regulation X").

**ANSWER:**  **This paragraph is Plaintiffs' summary and a characterization of Plaintiffs' alleged reason for filing this action to which no answer is required.  To the extent an answer is required, the allegations of this paragraph are denied.**

10.    In January 2013, the CFPB issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

**ANSWER:**  **Defendant admits the allegations of this paragraph.**

11.    Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act Mortgage Servicing Final Rules, 78 F.R. 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

**ANSWER:**  **Defendant admits the allegations of this paragraph.**

12.    Mortgage servicers are prohibited from failing "to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. § 2605(k)(1)(C).

**ANSWER:** **Defendant admits the allegations of this paragraph only to the extent that the statement within quotation marks is found within 12 U.S.C. § 2605(k)(1)(C) otherwise the allegations of this paragraph are denied.**

13. Mortgage servicers are prohibited from failing "to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of [RESPA]." 12 U.S.C. § 2605(k)(1)(E).

**ANSWER:** **Defendant admits the allegations of this paragraph only to the extent that the statement within quotation marks is found within 12 U.S.C. § 2605(k)(1)(E) otherwise the allegations of this paragraph are denied.**

14. Plaintiffs assert claims for relief against BSI for breaches of the specific rules under Regulation X, as set forth, *infra*.

**ANSWER:** **This paragraph is Plaintiffs' summary and a characterization of Plaintiffs' alleged reason for filing this action to which no answer is required. To the extent an answer is required, the allegations of this paragraph are denied. Defendant also denies that it breached any of the specific rules under Regulation X.**

15. Plaintiffs have a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed breaches and such action provides for remedies including actual damages, statutory damages, and attorneys' fees and costs.

**ANSWER:** **This paragraph calls for a legal conclusion and is not subject to admission or denial; to the extent an answer is required, the allegations of this paragraph are denied.**

16. Plaintiffs also assert claims against BSI based upon state law breach of contract and for conduct which violates the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, which also entitles Plaintiffs to recover actual damages, attorneys' fees and costs, and punitive damages.

**ANSWER:** **This paragraph calls for a legal conclusion and is not subject to admission or denial; to the extent an answer is required, the allegations of this paragraph are denied. Defendant also denies that it violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.***

4

## FACTUAL BACKGROUND

17.     On September 14, 2017, Plaintiffs filed a complaint against BSI the United States District Court for the Northern District of Illinois, otherwise known as *Leonard R. Williams, et al. v. Service One, Inc. d.b.a. BSI Financial Services, et al.,* Case No. 1:17-cv-06645 (the "2017 Lawsuit"). A copy of the docket sheet for the 2017 Lawsuit is attached as ***Exhibit 2***.

**ANSWER:**     **Defendant admits the allegations of this paragraph.**

18.     The 2017 Lawsuit involved, in part, Plaintiffs' claims that BSI allegedly committed multiple violations of Regulation X. A copy of the Complaint in the 2017 Lawsuit without supporting exhibits (full version is available through PACER) is attached as ***Exhibit 3***.

**ANSWER:**     **Defendant admits the allegations of this paragraph.**

19.     On January 29, 2018, Plaintiffs and BSI entered into a confidential Settlement and Release Agreement (the "Settlement Agreement") to resolve the 2017 Lawsuit and a pending foreclosure case. The Settlement Agreement became effective on February 13, 2018 when the final signature on the Settlement Agreement was signed.

**ANSWER:**     **Defendant admits the allegations of this paragraph.**

20.     Pursuant to the terms of the Settlement Agreement, BSI was required to offer Plaintiffs a permanent loan modification, which BSI provided to Plaintiffs on January 22, 2018 (the "Loan Modification"). A copy of the Loan Modification is attached as ***Exhibit 4***.

**ANSWER:**     **Defendant admits the allegations of this paragraph.**

21.     The Loan Modification states that the Loan was modified effective January 1, 2018 and the first modified payment of $950.00 was due on February 1, 2018. Further, the Loan

Modification provided a New Principal Balance of $144,091.53. The New Principal Balance includes all amounts and arrearages (including unpaid and deferred interest, fees, escrow advances, and other costs, but excluding late charges, after a credit of $673.33 and waiver of $5,000.00) that were past due as of January 1, 2018. *See Exhibit 4*.

**ANSWER:**   **Defendant admits the allegations of this paragraph.**

22.    On February 7, 2018, Plaintiffs sent BSI a cashier's check in the amount of $1,793.19 for the Loan's escrow shortage. A copy of the cashier's check is attached as ***Exhibit 5***.

**ANSWER:**   **Defendant admits the allegations of this paragraph.**

23.    Despite the terms of the Loan Modification and receipt of the cashier's check, on or about February 27, 2018 BSI sent correspondence to Plaintiffs advising that there was an escrow shortage in the amount of $1,613.69 ("Escrow Statement 31"). A copy of Escrow Statement #1 is attached as ***Exhibit 6***.

**ANSWER:**   **Defendant admits the allegations of this paragraph.**

24.    Subsequently, on or about March 6, 2018 and April 18, 2018, BSI sent correspondence to Plaintiffs stating that Plaintiffs owed mortgage payments in the amount of $3,326.82 and $7,275.18. A copy of Plaintiffs' monthly mortgage statements is attached as ***Exhibit 7***.

**ANSWER:**   **Defendant admits the allegations of this paragraph.**

25.    The mortgage statements were generated by BSI despite the fact that BSI received Plaintiffs' February payment in the amount of $950.00 on or about February 20, 2018; Plaintiffs' March payment in the amount of $950.00 on or about March 8, 2018; and Plaintiffs' April payment in the amount of $950.00 on or about April 11, 2018. BSI added foreclosure fees to the Loan according to both the March and April 2018 mortgage statements. *See Exhibit 7*.

**ANSWER:**   **Defendant admits that it generated the mortgage statements and that Plaintiffs made payments in the amounts stated on or about the dates indicated. Defendant denies that foreclosure fees were added to the Loan and denies that there was any error made in Defendant's internal accounting of the loan. Defendant denies any remaining allegations of this paragraph.**

26.   On or about March 13, 2018, BSI sent correspondence to Plaintiffs falsely claiming that their mortgage payment was 30 days or more past due and that they were in default under the terms of the Loan. A copy of the March 13, 2018 correspondence without supporting attachments is attached as *Exhibit 8*.

**ANSWER:**   **Defendant admits that Exhibit 8 is a true and correct copy of BSI's correspondence and admits the allegations of this paragraph concerning the contents of the correspondence. Defendant denies that it made any false claims and denies that there was any error made in Defendant's internal accounting of the loan. Defendant denies any remaining allegations of this paragraph.**

27.   On or about April 26, 2018, BSI sent correspondence to Plaintiffs advising that the escrow amount for their loan is $281.78 and that the mortgage payment due on April 1, 2018 was $975.61 ("Escrow Statement #2"). A copy of Escrow Statement #2 is attached as *Exhibit 9*.

**ANSWER:**   **Defendant admits the allegations of this paragraph.**

28.   On or about May 10, 2018, BSI sent a monthly mortgage statement to Plaintiffs claiming that $148,197.26 was immediately due and there was a balance of $4,312.48 for "Total Fees and Other Charges". *See Exhibit 7.*

**ANSWER:**   **Defendant admits the allegations of this paragraph.**

29.   On or about May 14, 2018, BSI sent another monthly mortgage statement to Plaintiffs claiming that $143,964.26 was immediately due but removing the balance for "Total Fees and Other Charges". *See Exhibit 7.*

**ANSWER:**   **Defendant admits the allegations of this paragraph.**

30.     On or about May 21, 2018, Plaintiffs, through counsel, sent a notice of error ("NOE #1") to the address designated by BSI for receipt of notices of error pursuant to 12 C.F.R. § 1024.35(c) (the "Designated Address") via Certified Mail [Receipt No. 70170660000049872700]. A copy of NOE #1 without supporting exhibits is attached as ***Exhibit 10***.

**<u>ANSWER</u>:**     **Defendant admits the allegations of this paragraph.**

31.     BSI received NOE #1 at the Designated Address on May 24, 2018. A Copy of the tracking information for NOE #1 from the website for the United States Postal Service (USPS) (www.usps.com) is attached as ***Exhibit 11***.

**<u>ANSWER</u>:**     **Defendant admits the allegations of this paragraph.**

32.     Through NOE #1, Plaintiffs asserted that BSI committed errors regarding their Loan pursuant to 12 C.F.R. §1024.35(b)(2) for failure to properly apply accepted payments to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law, and 12 C.F.R § 1024.35(b)(5) for imposition of a fee or charge for which the servicer lacks a reasonable basis to impose. *See Exhibit 10*.

**<u>ANSWER</u>:**     **Defendant admits the allegations of this paragraph.**

33.     On or about June 13, 2018, BSI sent a monthly mortgage statement to Plaintiffs claiming that $143,846.44 was immediately due. *See Exhibit 7*.

**<u>ANSWER</u>:**     **Defendant admits the allegations of this paragraph.**

34.     BSI sent correspondence dated June 28, 2018 in response to NOE #1 (the "Response to NOE #1"). A copy of the Response to NOE #1 is attached as ***Exhibit 12***.

**<u>ANSWER</u>:**     **Defendant admits the allegations of this paragraph.**

35.     Through the Response to NOE #1, BSI claims that it did not finalize the implantation of the terms of the modification in its system until May 11, 2018 and therefore the mortgage account statements did not contain correct information.  *See Exhibit 12*.

**ANSWER:     Defendant admits that Exhibit 12 is a true and correct copy of BSI's Response to NOE #1; however Defendant denies all remaining allegations of this paragraph as Plaintiffs have not correctly stated Defendant's Response.**

36.     Further, through the Response to NOE #1, BSI claims that modification is completely finalized in its system and the Loan is due for the July 1, 2018 payment.  Also, BSI claims that it did not assess fees or late charges to the Loan, there is no escrow shortage, and the unapplied funds balance is $0.00.  *See Exhibit 12*.

**ANSWER:     Defendant admits that Exhibit 12 is a true and correct copy of BSI's Response to NOE #1 and admits the allegations of this paragraph concerning the contents of the Response. Defendant denies that there was any error made in Defendant's internal accounting of the loan and denies any remaining allegations of this paragraph.**

37.     Additionally, through the Response to NOE #1, BSI advises that the amount due for escrow items is $281.78 each month, instead of the $256.17 that was stated in the Loan Modification.  BSI claims that after the "final calculations," BSI determined the higher escrow payment was correct.  *See Exhibit 12*.

**ANSWER:     Defendant admits that Exhibit 12 is a true and correct copy of Defendant's Response to NOE #1; however Defendant denies all remaining allegations of this paragraph as Plaintiffs have not correctly stated Defendant's Response.**

38.     The final paragraph of the Response to NOE #1 provides, "We apologize for any inconvenience or confusion that may have been caused from the previous billing statements that you received."  *See Exhibit 12*.

**ANSWER:     Defendant admits the allegations of this paragraph.**

39.     Despite BSI's representations in the Response to NOE #1, the second May 2018 and June 2018 mortgage statements show that BSI did not correct the Loan's accounting as of May 11, 2019, because BSI was still attempting to collect an accelerated amount.  *See Exhibit 12*.

**ANSWER:**     **Defendant denies the allegations of this paragraph.**

40.     As seen in the subsequent monthly mortgage statements, BSI continued to attempt to collect an accelerated amount.  *See Exhibit 7*.

**ANSWER:**     **Defendant denies the allegations of this paragraph.**

41.     According to the September, November, and December 2018 mortgage statement, BSI began charging the Loan for items labeled "FC FEES", despite BSI's representations in the Response to NOE #1.  *See Exhibit 7*.

**ANSWER:**     **Defendant denies that it charged the loan for items labeled "FC FEES". Defendant admits that the September and November 2018 mortgage statements include a charge for an item labeled "FC Fees".  Defendant admits that the December 2018 mortgage statement includes a charge of $645.20 although that charge, in the December 2018 statement, does not specifically include the label "FC Fees". Defendant denies the allegation that its Response included any representation regarding such fees. Defendant denies that there was any error made in Defendant's internal accounting of the loan and denies any remaining allegations of this paragraph.**

42.     On or about February 13, 2019, Plaintiffs, through counsel, sent a notice of error ("NOE #2) to the Designated Address via Certified Mail [Receipt No. 70142120003006719247]. A copy of NOE #2 without supporting exhibits is attached as ***Exhibit 13***.

**ANSWER:**     **Defendant admits the allegations of this paragraph.**

43.     BSI received NOE #2 at the Designated Address on February 16, 2019.  A copy of the tracking information for NOE #2 from the website for the United States Postal Service (USPS) ([www.usps.com](www.usps.com)) is attached as ***Exhibit 14***.

**ANSWER:**     **Defendant admits the allegations of this paragraph.**

44.     Through NOE #2, Plaintiffs asserted that BSI committed errors regarding their Loan pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to decelerate the loan or for improperly claiming that the Loan remains accelerated and for failing to send accurate mortgage statements, 12 C.F.R. § 1024.35(b)(5) for imposing fees for which a servicer had no reasonable basis to impose, ad 12 C.F.R. § 1024.35(b)(11) for violation of 12 C.F.R. § 1024.35(e).  *See Exhibit 13.*

**ANSWER:     Defendant admits the allegations of this paragraph.**

45.     On or about February 27, 2019, BSI sent correspondence to Plaintiffs advising that the escrow amount for their loan is $199.96 and that the mortgage payment due on April 1, 2019 was $893.79 ("Escrow Statement #3").  A copy of Escrow Statement #3 is attached as ***Exhibit 15***.

**ANSWER:     Defendant admits the allegations of this paragraph.**

46.     Through Escrow Statement #3, BSI claims that Plaintiffs would owe an estimated $2,399.58 for tax payments for the following year.  *See Exhibit 15.*  compare this number to the $3,174.35 estimate in Escrow Statement #1 and the $3,381.44 estimate in Escrow Statement #2. *See Exhibits 6 and 9.*

**ANSWER:     Defendant denies the allegations of this paragraph.**

47.     According to the March 2019 mortgage statement, BSI began taking a portion of Plaintiffs' monthly mortgage payments to pay for the items labeled "FC FEES".  *See Exhibit 7.*

**ANSWER:     Defendant admits that the statement includes "FC FEES" as a line item. Defendant denies that "FC FEES" were paid from Plaintiffs' monthly mortgage payments. Defendant denies that there was any error made in Defendant's internal accounting of the loan. Defendant denies any remaining allegations of this paragraph.**

48.     BSI sent correspondence dated March 21, 2019 in response to NOE #2 (the "Response to NOE #2").  A copy of the Response to NOE #2 is attached as ***Exhibit 16***.

**ANSWER:     Defendant admits the allegations of this paragraph.**

49. Through the Response to NOE #2, BSI states:

> After review of your letter and your client's account we have determined that although the account has been reflecting a current status in our system, there was an error on the system which triggered an incorrect amount to reflect due on the monthly billing statements. On March 18, 2019, we corrected the system and going forward all of the monthly billing statements will be correct.
>
> …
>
> We sincerely apologize for this error and any frustration or confusion that may have been caused.

*See Exhibit 16.*

**ANSWER:** **Defendant admits the allegations of this paragraph concerning the contents of the Response. Defendant denies that there was any error made in Defendant's internal accounting of the loan.**

50. On or about March 26, 2019, BSI sent correspondence to Plaintiffs confirming that BSI improperly calculated the amounts due for escrow items. A copy of the March 26, 2019 correspondence is attached as ***Exhibit 17***.

**ANSWER:** **Defendant admits that Exhibit 17 is a true and correct copy of Defendant's March 26, 2019 correspondence to Plaintiffs; however Defendant denies all remaining allegations of this paragraph as Plaintiffs have not correctly stated Defendant's Response.**

51. The March 26, 2019 correspondence is in direct contradiction to the Response to NOE #1, which claimed that the higher escrow payment was proper. *See Exhibit 12.*

**ANSWER:** **Defendant denies the allegations of this paragraph.**

52. On or about April 1, 2019, BSI sent a monthly mortgage statement to Plaintiffs claiming that $1,456.39 was immediately due and that there was a balance of $562.50 for "Total Fees and Other Charges." BSI again took a portion of Plaintiffs' monthly mortgage payment to reimburse itself for improper "FC FEES". *See Exhibit 7.*

**ANSWER:** **Defendant admits the allegations of this paragraph regarding the contents of April 1, 2019 monthly mortgage statement but denies that it took a portion of Plaintiffs' monthly mortgage payment to reimburse itself for "FC FEES".**

**Defendant denies that there was any error made in Defendant's internal accounting of the loan and denies any remaining allegations of this paragraph.**

53. On or about May 2, 2019, BSI sent a monthly mortgage statement to Plaintiffs claiming that $1,456.18 was immediately due and that there was a balance of $562.39 for "Total Fees and Other Charges." BSI again took a portion of Plaintiffs' monthly mortgage payment to reimburse itself for improper "FC FEES". *See Exhibit 7*.

**ANSWER:** **Defendant admits the allegations of this paragraph regarding the contents of the May 2, 2019 monthly mortgage statement but denies that it took a portion of Plaintiffs' monthly mortgage payment to reimburse itself for "FC FEES". Defendant denies that there was any error made in Defendant's internal accounting of the loan and denies any remaining allegations of this paragraph.**

54. On May 10, 2019, BSI informed Plaintiffs that it was transferring servicing of the Loan to non-party Fay Servicing, LLC effective June 3, 2019. *See Exhibit 1*.

**ANSWER:** **Defendant admits the allegations of this paragraph.**

## IMPACT AND DAMAGE TO PLAINTIFFS

55. Despite Plaintiffs having made all payments required under the terms of the Settlement Agreement, and bringing BSI's errors to its attention, BSI did not correct the errors and continued to assess foreclosure fees to the Loan.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

56. BSI's actions directly and proximately caused the following actual damages to Plaintiffs:

    a. Plaintiffs were assessed foreclosure fees and BSI has taken a portion of Plaintiffs' monthly mortgage payments to pay for the foreclosure fees;

    b. Plaintiffs had to retain and pay legal counsel to submit the NOEs to BSI, pay postage costs for the mailing of the NOEs, and pay legal counsel to review the responses to the NOEs; and

c.  Plaintiffs suffered extreme emotional distress directly and proximately caused by BSI's actions driven by the fear that their Home may be subject to foreclosure, that BSI immediately manufactured a delinquency as it was supposed to correct the accounting on the Loan, and at the thought that they have to endure another round of stress and frustration in trying to get BSI to correct errors that BSI admits that occurred.  Plaintiffs' extreme emotional distress has resulted in loss of sleep, anxiety, depression, and other significant emotional distress.

**ANSWER:**     **Defendant denies the allegations of this paragraph.**

57.     Throughout this entire ordeal, Plaintiffs have simply wanted to be able to enjoy the benefit of the Settlement Agreement and continue making timely, proper payments on the Loan in order to begin to rehabilitate their credit, and most importantly, remain in the Home without fear of foreclosure.

**ANSWER:**     **Defendant denies the allegations of this paragraph.**

### PATTERN AND PRACTICE OF REGULATION X VIOLATIONS BY BSI

58.     BSI's actions are part of a pattern and practice of behavior in violation of BSI's rights and in abdication and contravention of BSI's obligations under the mortgage servicing regulations set forth in Regulation X of RESPA.

**ANSWER:**     **Defendant denies the allegations of this paragraph.**

59.     Further showing BSI's pattern or practice of noncompliance with RESPA, the 2017 Lawsuit alleges that BSI violated 12 C.F.R. § 1024.35 at least two (2) times, 12 C.F.R. § 1024.36 at least one (1) time, and 12 C.F.R. § 1024.41 at least three (3) times.

**ANSWER:**     **Defendant denies that it has a pattern or practice of noncompliance with RESPA and denies that the allegations of 2017 Lawsuit show any such pattern or practice.  Defendant denies any remaining the allegations of this paragraph.**

60.     At the time of the filing of this Complaint, BSI has had Four Hundred Seventy-Six (476) consumer complaints lodged against it nationally, specifically concerning the issue identified

on the CFPB's consumer complaint database as "loan modification, collection, foreclosure" related to mortgages. Each such complaint is filed and cataloged in the CFPB's publicly accessible online datable. (http://consumerfinance.gov/complaint database/).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.**

61. At the time of the filing of this Complaint, BSI has had Three Hundred Thirty-Two (332) consumer complaints lodged against it nationally, specifically concerning the issue identified on the CFPB's consumer complaint database as "loan servicing, payments, escrow account" related to mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.**

62. Plaintiffs have reviewed the CFPB's consumer complaint database and have identified other alleged RESPA violations by BSI against other borrowers. In particular, Plaintiffs have reviewed the fifteen (15) consumer complaints attached hereto and identified as ***Group Exhibit 18***. The date, details, and a narrative disclosed by the consumer is set forth in each complaint. The complaints evidence conduct which demonstrates at BSI has engaged in a pattern and practice of violating RESPA with respect to other borrowers.

**ANSWER:** **Defendant denies that it has a pattern or practice of noncompliance with RESPA. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies them.**

## COUNT ONE:
## VIOLATIONS OF 12 C.F.R. § 1024.35(e), 12 U.S.C. §§ 2605(k)(1)(C), AND 2605(k)(1)(E)

63. Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 62, in their entirety, as if fully rewritten herein.

**ANSWER:** **Defendant adopts and realleges paragraphs 1 through 62 as and for its answers to paragraph 63 of Count One as if fully stated further herein.**

64.    12 C.F.R. § 1024.35(a) provides that "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred."

**ANSWER:**    **Defendant admits the allegations of this paragraph only to the extent that the statement within quotation marks is found within 12 C.F.R. § 1024.35(a) otherwise the allegations of this paragraph are denied.**

65.    Comment 1 of the CFPB's Official Interpretations of 12 C.F.R. § 1024.35(a) provides that "[a] notice of error is submitted by a borrower if the notice of error is submitted by an agent of the borrower."

**ANSWER:**    **Defendant admits allegations of this paragraph only to the extent that the statement within quotation marks is found within 12 C.F.R. § 1024.35(a) otherwise the allegations of this paragraph are denied.**

66.    12 C.F.R. § 1024.35(e)(1)(i) provides that a servicer must respond to a notice of error by either:

(A)    Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or

(B)    Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

**ANSWER:**    **Defendant admits this allegation only to the extent that the allegations of this paragraph are consistent with 12 C.F.R. § 1024.35(e)(1)(i) otherwise the allegations of this paragraph are denied.**

67.    12 U.S.C. § 2605(k)(1)(C) provides that "[a] servicer of a federally related mortgage shall not … fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties."

**ANSWER:**    **Defendant admits the allegations of this paragraph only to the extent that the statement within quotation marks is found within 12 C.F.R. § 2605(k)(1)(C) otherwise the allegations of this paragraph are denied.**

68.    Standard servicer duties are those "typically undertaken by servicers in the ordinary course of business."  78 FR 10696, 10739.  Standard servicer duties are not limited to duties that constitute "servicing" and include"

> [D]uties to comply with investor agreements and servicing program guides, to advance payments to investors, to process and pursue mortgage insurance claims, to monitor coverage for insurance (e.g., hazard insurance), to monitor tax delinquencies, to respond to borrowers regarding mortgage loan problems, to report data on loan performance to investors and guarantors, and to work with investors and borrowers on options to mitigate losses for defaulted mortgage loans.

78 FR 10696, 10739.

**ANSWER:**    **Defendant admits this paragraph only to the extent that this paragraph is consistent with 78 FR 10696, 10739 otherwise the allegations of this paragraph are denied.**

69.    12 U.S.C. § 2605(k)(1)(E) provides that "[a] servicer of a federally related mortgage shall not … fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter."

**ANSWER:**    **Defendant admits the allegations of this paragraph only to the extent that the statement within quotation marks is found within 12 C.F.R. § 1024.35(a) otherwise the allegations of this paragraph are denied.**

70.     NOE #1 meets the requirements of a notice of error as defined by 12 C.F.R. §

1024.35(a) because it contains Plaintiffs' names, loan number, property address, and states the

errors Plaintiffs believed to have occurred.

**ANSWER:     This paragraph calls for a legal conclusion and is not subject to admission or denial; to the extent an answer is required, the allegations of this paragraph are denied.**

71.     Through NOE #1, Plaintiffs alleged that BSI committed no less than a total of ten

(10) covered errors.  NOE #1 asserts covered errors pursuant to:

      a.     12 C.F.R. § 1024.35(b)(11) for breach of the Settlement Agreement for failing to properly reinstate the Loan;

      b.     12 C.F.R. § 1024.35(b)(2) for the failure to properly apply accepted payments to principal, interest, escrow, or other charges under the terms of the Loan and applicable law; and

      c.     12 C.F.R. § 1024.35(b)(5) for the imposition of fees and/or charges for which BSI lacked a reasonable basis to impose.

**ANSWER:     Defendant admits the allegations of this paragraph.**

72.     Plaintiff's sent NOE#1 to BSI at the Designated Address and BSI received same at

the Designated Address.

**ANSWER:     Defendant admits the allegations of this paragraph.**

73.     BSI sent Plaintiffs the Response to NOE #1 wherein BSI admits there were errors

with the accounting on the Loan and falsely claimed it corrected those errors.

**ANSWER:     Defendant admits that Exhibit 12 is a true and correct copy of Defendant's Response to NOE #1 however Defendant denies all remaining allegations of this paragraph as Plaintiffs have not correctly stated Defendant's Response. Defendant denies that it made any false claims. Defendant denies that there was any error made in Defendant's internal accounting of the loan and denies any remaining allegations of this paragraph.**

74. However, BSI failed to correct or perform a reasonable investigation into the errors asserted by and through NOE #1, as demonstrated by BSI's false claims that the Loan's accounting was accurate. BSI's actions in attempting to collect an accelerated amount, and BSI's actions in improperly charging foreclosure fees and taking a portion of Plaintiffs' monthly payments to reimburse itself.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

75. Further, if BSI had performed a reasonable investigation, it would have discovered in May 2018 that it miscalculated Plaintiffs' monthly escrow payment, instead of in March 2019.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

76. Due to BSI's failure to correct or perform a reasonable investigation into the errors asserted by and through NOE #1 and BSI's subsequent actions in attempting to collect an accelerated amount and imposing improper foreclosure fees, Plaintiffs incurred costs in submitting NOE #2.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

77. NOE #2 meets the requirements of a notice of error as defined by 12 C.F.R. § 1024.35(a) because it contains Plaintiffs' names, loan number, property address, and states the errors Plaintiffs believed to have occurred.

**ANSWER:** **This paragraph calls for a legal conclusion and is not subject to admission or denial; to the extent an answer is required, the allegations of this paragraph are denied.**

78. Through NOE #2, Plaintiffs alleged that BSI committed no less than a total of nine (9) covered errors. NOE #2 asserts covered errors pursuant to:

       a. 12 C.F.R. § 1024.35(b)(11) for failing to decelerate the Loan or for improperly claiming that the Loan remains accelerated and for failing to send accurate mortgage statements;

19

b.   12 C.F.R. § 1024.35(b)(5) for the imposition of fees and/or charges for which BSI lacked a reasonable basis to impose; and

c.   12 C.F.R. § 1024.35(b)(11) for a violation of 12 C.F.R. § 1024.35(e), as BSI refused or otherwise failed to perform a reasonable investigation into the errors asserted by NOE #1 or correct those errors.

**ANSWER:**   **Defendant admits the allegations of this paragraph.**

79.   Plaintiffs sent NOE #2 to BSI at the Designated Address and BSI received same at the Designated Address.

**ANSWER:**   **Defendant admits the allegations of this paragraph.**

80.   BSI sent Plaintiffs the Response to NOE #2 wherein BSI admits there were errors with the accounting on the Loan and falsely claimed it corrected those errors.

**ANSWER:**   **Defendant admits that Exhibit 16 is a true and correct copy of Defendant's Response to NOE #2. Defendant denies that it made any false claims. Defendant denies all remaining allegations of this paragraph as Plaintiffs have not correctly stated Defendant's Response. Defendant denies that there was any error made in Defendant's internal accounting of the loan and denies any remaining allegations of this paragraph.**

81.   However, BSI failed to correct or perform a reasonable investigation into the errors asserted by and through NOE #2, as demonstrated by BSI's false claims that the Loan's accounting was accurate and BSI's actions in improperly charging foreclosure fees and taking a portion of Plaintiffs' monthly payments to reimburse itself.

**ANSWER:**   **Defendant denies the allegations of this paragraph.**

82.   BSI's actions caused Plaintiffs to suffer actual damages, as discussed, *supra*, at ¶ 55.

**ANSWER:**   **Defendant denies the allegations of this paragraph.**

83.   BSI's failures to correct or properly investigate the errors alleged in NOE #1 and NOE #2 constitutes clear, separate, and distinct violations of 12 C.F.R. § 1024.35(e), 12 U.S.C. §§ 2605(k)(1)(C), and 2605(k)(1)(E).

**ANSWER:** **Defendant denies that it failed to correct or properly investigate the alleged errors. Defendant denies all remaining allegations of this paragraph.**

84. BSI's actions are believed to be part of a pattern and practice of behavior in conscious disregard for Plaintiffs' rights. *See* ¶¶ 57-61.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

85. As a result of BSI's actions, BSI is liable to Plaintiffs for actual damages and statutory damages. 12 U.S.C. § 2605(f)(1).

**ANSWER:** **Defendant denies the allegations of this paragraph.**

86. Additionally, Plaintiffs request reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

**ANSWER:** **Defendant denies that Plaintiffs are entitled to any such relief.**

## COUNT TWO:
## BREACH OF CONTRACT

87. Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 62, in their entirety, as if fully rewritten herein.

**ANSWER:** **Defendant adopts and realleges paragraphs 1 through 62 as and for its answers to paragraph 87 of Count Two as if fully stated further herein.**

88. The Settlement Agreement is a contract between Plaintiffs and BSI.

**ANSWER:** **Defendant admits the allegations of this paragraph.**

89. BSI breached the Settlement Agreement by failing to properly reinstate the Loan, failing to properly apply accepted payments to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law, imposing improper fees and/or charges, and failing to decelerate the Loan or failing to second accurate mortgage statements.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

90.     BSI breach is in bad faith which is evidenced BSI's failure to correct its breach despite repeated notice of the same through the NOEs, admitting to the errors, and falsely claiming that it fixed the Loan's accounting.

**ANSWER:     Defendant denies the allegations of this paragraph.**

91.     As pled, *supra*, at ¶ 55, Plaintiffs have been harmed by, and continue to suffer from harm resulting from BSI's breach of the Settlement Agreement.

**ANSWER:     Defendant denies the allegations of this paragraph.**

92.     The Settlement Agreement provides for attorneys' fees and other expenses to the prevailing party in any action that arises out of the Settlement Agreement. The award of attorneys' fees and costs shall be in an amount as to fully reimburse all attorneys' fees actually incurred in good faith.

**ANSWER:     Defendant admits the allegations of this paragraph only to the extent that the allegations of this paragraph are consistent with the terms of the Settlement Agreement. Defendant denies the allegations of this paragraph to the extent that the allegations of this paragraph are inconsistent with the terms of the Settlement Agreement.**

93.     As a result of BSI's actions, BSI is liable to Plaintiffs for actual damages as well as reasonable attorneys' fees and costs.

**ANSWER:     Defendant denies the allegations of this paragraph.**

**COUNT THREE:**
**VIOLATIONS OF ICFA, 815 ILCS 505/1, *ET SEQ*.**

94.     Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 62, in their entirety, as if fully rewritten herein.

**ANSWER:     Defendant adopts and realleges paragraphs 1 through 62 as and for its answers to paragraph 94 of Count Three as if fully stated further herein.**

95.     815 ILCS 505/2 states, in relevant part:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

**ANSWER:** **Defendant admits the allegations of this paragraph only to the extent that the allegations of this paragraph are consistent with 815 ILCS 505/2. Defendant denies the allegations of this paragraph to the extent that the allegations of this paragraph are in in consistent with 815 ILCS 505/2.**

96. 815 ILCS 505/10a states, in relevant part: "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion, may award actual economic damages or any other relief which the court deems proper."

**ANSWER:** **Defendant admits the allegations of this paragraph only to the extent that the statement within quotation marks is found within 815 ILCS 505/2 otherwise the allegations of this paragraph are denied.**

97. ICFA allows for an award of punitive damages for actions that are either fraudulent, willful, or grossly negligent as to indicate a wanton disregard of the rights of others. *See Martin v Heinold Commodities,* 643 N.E.2d 734, 756-757 (Ill. 1994).

**ANSWER:** **This paragraph calls for a legal conclusion and is not subject to admission or denial; to the extent an answer is required, the allegations of this paragraph are denied.**

98. BSI violated ICFA by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempts to wrongfully breach the Settlement Agreement upon which Plaintiffs had dutifully performed.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

99. BSI's conduct occurred during the course of trade or commerce.

**ANSWER:** **Defendant denies the wrongful conduct alleged and therefore denies allegations of this paragraph.**

100. BSI, through its conduct, intended that Plaintiffs would rely on its misrepresentations about the Settlement Agreement and its ability to correct the Loan's accounting.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

101. BSI's conduct, as detailed, *supra*, constitutes unfair conduct under ICFA.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

102. BSI's unfair and deceptive conduct was immoral, unethical, unscrupulous and oppressive, especially in that BSI was, at all times relevant, in a position of strength in relation to Plaintiffs.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

103. BSI owed Plaintiffs a duty of good faith and fair dealing. BSI owed Plaintiffs a fiduciary duty as servicer. BSI had discretion with respect to its handling of the Settlement Agreement and correcting errors.

**ANSWER:** **This paragraph calls for legal conclusions and is not subject to admission or denial; to the extent an answer is required, the allegations of this paragraph are denied.**

104. BSI's conduct violates public policy, including RESPA, because, as detailed *supra*, BSI used false and deceptive representations in connection with its collection of the Loan and administration of the Settlement Agreement.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

105. As pled, *supra*, at ¶ 55, Plaintiffs have been harmed by, and continue to suffer from harm resulting from, BSI's unfair and deceptive practices in making misrepresentations described herein.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

106. In addition, BSI's intentional and outrageous conduct has caused Plaintiffs to suffer severe emotional distress driven by fear and uncertainty in their financial well-being and their obligations which has resulted in loss of sleep, anxiety, depression, and other significant harm.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

107. As a result of BSI's actions, BSI is liable to Plaintiffs for actual damages as further alleged, *supra*, as well as reasonable attorneys' fees and costs.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

108. Plaintiffs seek punitive damages actions for BSI's fraudulent, willful, or grossly negligent actions. BSI had two opportunities to correct the errors asserted by Plaintiffs and admitted by BSI, and falsely claimed that it corrected the Loan's accounting both times. Combined with the 2017 Lawsuit and BSI's miscalculation of the escrow amounts, BSI's actions evidence a pattern of conduct that is at least grossly negligent.

**ANSWER:** **Defendant denies the allegations of this paragraph and denies that Plaintiffs are entitled to the relief requested.**

WHEREFORE, SERVIS ONE INC. d.b.a. BSI FINANCIAL SERVICES, denies that Plaintiffs are entitled to judgment or any relief against SERVIS ONE INC. d.b.a. BSI FINANCIAL SERVICES or that SERVIS ONE INC. d.b.a. BSI FINANCIAL SERVICES is liable to the Plaintiffs in any manner whatsoever.

## SERVIS ONE'S AFFIRMATIVE DEFENSES

SERVIS ONE INC. d.b.a. BSI FINANCIAL SERVICES ("Servis One") reasserts and incorporates, as if fully set forth herein, its responses to the Complaint above. Servis One asserts the following defenses without assuming the burden of proof where it otherwise rests with the Plaintiffs, as follows:

**FIRST DEFENSE**

**(STATUTE OF LIMITATION)**

Claims brought under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA") are subject to a 1-year or a 3-year statute of limitation depending on the applicable section. To the extent that any of Plaintiffs' claims are construed to be brought under section 2607 or 2608 then such claims including, but not limited to, Plaintiffs' May 21, 2018, notice of error ("NOE #1") are barred by the applicable statutes of Limitation.

**SECOND DEFENSE**

**(NO PUNITIVE/STATUTORY DAMAGE)**

Plaintiffs cannot meet the requirements in order to recover punitive or statutory damages.

**THIRD DEFENSE**

**(INJURY IN FACT)**

Plaintiffs have not incurred an injury in fact and therefore do not have standing under Article III of the United States Constitution to bring the instant suit.

**FOURTH DEFENSE**

**(BONA FIDE ERROR)**

To the extent any violation of the law occurred, which Servis One expressly denies, said violations were not intentional and resulted from a bona fide error notwithstanding the maintenance by Servis One of procedures reasonably adapted to avoid any such errors.

Servis One reserves the right to assert additional defenses that it learns through the course of discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, SERVIS ONE INC. d.b.a. BSI FINANCIAL SERVICES prays that

26

Plaintiffs' Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiffs, and that SERVIS ONE INC. d.b.a. BSI FINANCIAL SERVICES, recover such other and additional relief as the Court deems just and appropriate.


                                          /s/ Mitchell A. Lieberman
                                          Attorney for Defendant

Mitchell A. Lieberman #6193234
Robert E. Haney #6189905
Pamela J. Leichtling #6183213
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, Illinois 60603
312-431-1455
mlieberman@noonanandlieberman.com
rhaney@noonanandlieberman.com
pleichtling@noonanandlieberman.com

1889-92

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD R. WILLIAMS and | ) | |
| DEQUITA C. BROWN-WILLIAMS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:19-cv-05342 |
| | ) | |
| SERVIS ONE, INC. d.b.a. BSI FINANCIAL | ) | Honorable Virginia M. Kendall |
| SERVICES, | ) | Magistrate Judge Sheila M. Finnegan |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2019, I caused to be electronically filed the

foregoing ANSWER TO COMPLAINT FOR DAMAGES using the CM/ECF system, which

will send notification of such filing to all attorneys of record.

Matthew C. De Re
Nickolas J. Hagman
Sharon Harris
Thomas A. Zimmerman
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, IL 60602
matt@attoneyzim.com
nick@attorneyzim.com
sharon@attorneyzim.com
tom@attorneyzim.com

Marc Edward Dann
DannLaw
P.O. Box 6031040
Cleveland, OH 44103

/s/ Mitchell A. Lieberman
Attorney for Defendant

Mitchell A. Lieberman #6193234
Robert E. Haney #6189905
Pamela J. Leichtling #6183213
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, Illinois 60603
312-431-1455
mlieberman@noonanandlieberman.com
rhaney@noonanandlieberman.com
pleichtling@noonanandlieberman.com